**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TROVE BRANDS, LLC d/b/a THE BLENDERBOTTLE COMPANY, a Utah limited liability company, and RUNWAY BLUE, LLC, a Utah limited liability company,<br><br>    Plaintiffs,<br>  v.<br><br>JIA WEI LIFESTYLE, INC., a foreign Corporation<br><br>    Defendant. | C.A. No. 1:24-cv-03050-PAE |

## ~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER

### 1.    PURPOSES AND LIMITATIONS

Plaintiff Trove Brands, LLC d/b/a The BlenderBottle Company and Runway Blue, LLC ("BlenderBottle" or "Plaintiff") and Defendant Jia Wei Lifestyle, Inc. ("Jia Wei") recognizing that each may have materials containing trade secret or other confidential research, technical, cost, price, sales, marketing, or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c), have agreed to the terms of the Stipulated Protective Order ("Order") as set forth below. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. All information produced or disclosed in the litigation shall be used solely for pursuing the claims or defense (including any appeal therefrom) of the litigation, and shall not be used for any other purpose.

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.    **GOOD CAUSE STATEMENT**

This action is likely to involve sales information, marketing information, and other valuable commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business information (such as product design or marketing information), financial information, information regarding confidential business practices, or other confidential commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.    **ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL**

The Parties further acknowledge, as set forth in Section 15.3, below, that this Order does not entitle them to file confidential information under seal. Judge Engelmayer's Individual Rules and Practices in Civil Cases Sections ("Judge Engelmayer's Local Rules") 4B(1)-(2) sets forth the

procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

4. **DEFINITIONS**

4.1     Acknowledgment and Agreement to be Bound: means an executed document in the form attached as Exhibit A.

4.2     Action: this pending federal lawsuit in the Southern District of New York, captioned as *Trove Brands, LLC d/b/a The BlenderBottle Company and Runway Blue, LLC v. Jia Wei Lifestyle, Inc.*, Case Number 1:24-cv-03050-PAE, and any appeals therefrom.

4.3     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.4     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.5     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

4.6     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.7     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

4.8     Documents: all materials within the scope of Fed. R. Civ. P. 34.

4.9    Expert: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained or consulted by a Party or its counsel to serve as an expert witness or as a consultant in this Action for assistance in the preparation or prosecution of claims or defenses in this proceeding.

4.10    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified in the Good Cause Statement, and also the disclosure of which to another Party or Non-Party may harm the Party producing the information. Documents and information designated as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" may include the following:

(a) Sensitive technical information, including current research, development and manufacturing information;

(b) Sensitive business information, including sensitive financial or marketing information;

(c) Competitive technical information, including technical analyses or comparisons of competitor's products or services;

(d) Competitive business information, including non-public financial and marketing analyses, media scheduling, comparisons of competitor's products or services, and strategic product/services expansion plans;

(e) Personal health or medical information;

(f) Sales volumes, sales units, cost and profit information, marketing strategies and expenditures, competitive business plans, and the identity of customers;

(g) An individual's personal credit, banking or other financial information; or

(h) Any other commercially sensitive information the disclosure of which the producing Party reasonably and in good faith believes would likely cause harm.

4.11    <u>House Counsel</u>: attorneys who are employees of a Party to this Action and outside counsel involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party.

4.12    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.13    <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

4.14    <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

4.15    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.16    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, computer database preparation, document coding, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.17    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.18    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

5.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

All Documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with Definitions 4.3 or 4.8, along with the information contained in the Documents, shall be used solely for the purpose of this action, and no person receiving such Documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the Documents or their contents to any person other than those specified in Sections 9.2 and 9.3. However, the prohibitions in this Order do not apply to a Party's own use of material it designated pursuant to this Order. Further, this Order does not prohibit either Party from using materials already in its possession prior to this proceeding in any other litigation, arbitration, mediation, or legal proceeding.

Witnesses who provide depositions shall not retain a copy of Documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with Definitions 4.3 or 4.8, except that witnesses may review a copy of all exhibits marked at their depositions in connection with review of the transcripts.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

6.    **DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

7.    **DESIGNATING PROTECTED MATERIAL**

7.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2    Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIALITY Legend"), to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party's Outside Counsel has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party's Outside Counsel has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIALITY Legend to each page that contains Protected Material.

(b)    For a deposition transcript, the Producing Party shall designate the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by requesting such treatment thereof either on the record at the time of the deposition or by written notice to all counsel of record after service of the final deposition transcript.  If confidential treatment of a transcript is requested by a Party by written notice after completion of a deposition, such written notice shall be provided to all counsel of record within 14 days after completion and service of the final transcript.  Such written notice shall specifically identify by page and line number all portions of the transcript that should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order.

All counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as provided for in the written notice. The Parties shall not disseminate a deposition transcript or the contents thereof beyond the persons designated in Section 9.3 below for a period of 14 days after completion and service of the final transcript, except that portions of the transcript may be filed under seal with the Court in connection with these proceedings.

      (c)    For information produced in some form other than documentary (including, without limitation, electronically stored information produced in native format) and for any other tangible items, that the Producing Party affix in a prominent place on the media or exterior of the container or containers in which the information is stored the CONFIDENTIALITY Legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). If a Receiving Party prints such electronically stored information produced in native format for use at a deposition, an expert report, etc., the Receiving Party shall affix to the printed pages the CONFIDENTIALITY Legend and production number corresponding to the electronically stored information produced in native format.

      (d)    Third parties producing Documents in the course of this action may also designate Documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" subject to the same protections and constraints as the Parties. A copy of the Order shall be served along with any subpoena served in connection with this action. All Documents produced by such third parties shall be treated as though marked "CONFIDENTIAL" for a period of 14 days from the date of their production, during which period any party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" pursuant to the terms of the Protective Order.

(e)    Any person whom the Parties have agreed in writing may access Documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" shall execute an "Acknowledgment and Agreement to be Bound" using the form attached as **Exhibit A.**

7.3    Inadvertent Failures to Designate. The inadvertent or unintentional disclosure by a Party or Non-Party of Disclosure or Discovery Material which it believes should have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," regardless of whether it was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Party's or Non-Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the Party or Non-Party notifies the Receiving Party as soon as reasonably practicable after discovery of the inadvertent or unintentional failure to designate. If a Party or Non-Party inadvertently or unintentionally produces or discloses Protected Material without designating it as such, the Party or Non-Party may give written notice to the Receiving Party or Parties that the Disclosure or Discovery Material is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and should be treated in accordance with the provisions of this Order.  The Receiving Party or Parties must treat such Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," from the date such notice is received.  Disclosure of such Disclosure or Discovery Material, prior to receipt of such notice, to persons not authorized to receive Protected Material shall not be deemed a violation of this Order; however, those persons to whom disclosure was made are to be advised that the Protected Material disclosed is

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and must be treated in accordance with this Order.

## 8.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.2 and Judge Engelmayer's Local Rule 2.C.

8.3    <u>Burden of Persuasion</u>.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.  Frivolous challenges, and challenges made for improper purposes (e.g., to harass, delay, or increase litigation burden), may expose a Challenging Party to sanctions.

## 9.    ACCESS TO AND USE OF PROTECTED MATERIAL

9.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 16 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  The Receiving Party shall be responsible for complying with all U.S. export laws and regulations and

will take steps to reasonably assure that Protected Material is not exported outside the U.S. or provided to foreign nationals to whom such access is restricted.

Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of information contained in Documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order pursuant to their internal record retention practices.

9.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action and other attorneys from Outside Counsel of Record's law firm, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the Receiving Party and its present officers, directors, and select employees (including House Counsel) to the extent disclosure is reasonably necessary for their participation in this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to the extent disclosure is reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters, videographers and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to the extent disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

(j)    any other individual agreed upon by the Parties in writing.

9.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action and other attorneys from Outside Counsel of Record's law firm, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    Experts (as defined in this Order) of the Receiving Party to the extent disclosure is reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    the court and its personnel;

(d)    court reporters, videographers and their staff;

(e)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

(h)    any other individual agreed upon by the Parties in writing.

9.4    If a Party seeks to disclose any Document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" to any person known to be an employee of, agent of, or consultant to any competitor of any opposing Party, the Party seeking to disclose such Documents shall notify in writing all opposing Parties at least 14 days prior to disclosure. Such notice shall provide a reasonable description of the person to whom disclosure is sought sufficient to permit objection to be made. If a Party objects in writing within 14 days after receipt of such notice, no disclosures shall be made until the Party seeking disclosure obtains the prior approval of the Court or the objecting Party.

9.5    <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts (a) who, within the past five years, has been an agent, employee, or consultant of an entity involved in the design, development, manufacture, or sale of non-disposable drink containers or lids; or (b) who currently has plans to become an agent, employee, or consultant of an entity involved in the design, development, manufacture, or sale of non-disposable drink containers or lids.</u>

(a)    Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined above in Section 9.5) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with definition 4.8 first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including as a consultant or in connection with a litigation, at any time during the preceding five years,[1] and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)    A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material to the identified Expert unless, within 10 days of delivering the request,

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to withhold the disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material to the Expert may file a motion seeking a protective order withholding such disclosure. Any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

9.6    Any inadvertent disclosure without appropriate designation shall be remedied as soon as the Producing Party learns of its error, by informing all adverse Parties, in writing, of the error, and by supplying properly designated copies of the produced materials to all Receiving Parties.

## 10.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately:

(a) notify in writing the Designating Party of the unauthorized disclosures;

(b) use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.    **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

The inadvertent production of privileged or work-product protected documents or information, including electronically stored documents or information, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502.

If a Party through inadvertence produces or provides Disclosure or Discovery Material which it believes is subject to a claim of an applicable privilege, the Producing Party may give written notice within 14 days after learning of the inadvertent production to the Receiving Party or Parties that the Disclosure or Discovery Material is subject to a claim of privilege and request that it be returned to the Producing Party. If a Producing Party or Non-Party requests the return, pursuant to this Section, of any Disclosure or Discovery Material, the Receiving Party or Parties shall not use or disclose, and shall immediately return to the Producing Party, all copies of such Disclosure or Discovery Material or confirm that all copies have been destroyed. Return of the Disclosure or Discovery Material by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned Disclosure or Discovery Material is, in fact, properly subject to a claim of privilege, nor shall it foreclose any Party from moving the Court for

an order that such Disclosure or Discovery Material has been improperly designated for reasons other than a waiver caused by the inadvertent production. Before returning or destroying the Disclosure or Discovery Material, the Receiving Party may note non-privileged, identifying characteristics (*e.g.*, author, date, recipient(s), subject, file name) of the Disclosure or Discovery Material that are reasonably necessary to facilitate moving the Court for an order compelling disclosure of the Disclosure or Discovery Material.

**14.    MISCELLANEOUS**

14.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. **Any Party may apply to the Court for a modification of the Order, and nothing in this Order shall be construed to prevent a Party from seeking or opposing further provisions enhancing or limiting confidentiality.**

14.2    <u>Right to Assert Other Objections</u>. This Order has been agreed to by the Parties to facilitate discovery and the production of relevant evidence in this action. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the Disclosure or Discovery Material covered by this Order. Neither the entry of this Order, nor the designation of any information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action. Further, no action taken or failed to be taken in accordance with the Order shall be construed as a waiver of any claim or defense in the action, or of any position as to discoverability or admissibility of evidence.

14.3    Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Judge Engelmayer's Local Rules 4B(1)-(2).  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14.4    The confidentiality obligations imposed by the Order shall survive the termination of this action.  The confidentiality obligations imposed by the Order shall be binding upon any successors to the Parties.

## 15.    **FINAL DISPOSITION**

After the final disposition of this Action, including exhaustion of any appeals, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that states all Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain

Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

## 16. VIOLATION

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

October 2, 2024

Respectfully submitted,

_/s/ Jacob R. Rosenbaum_____
Ali S. Razai
Jacob R. Rosenbaum
Christian D. Boettcher
Knobbe, Martens, Olson & Bear LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502
E-mail:
ali.razai@knobbe.com
jacob.rosenbaum@knobbe.com
Christian.boettcher@knobbe.com

*Attorneys for the Plaintiffs Trove Brands,*
*LLC d/b/a/ The Blenderbottle Company and*
*Runway Blue, LLC*

Date: October 2, 2024

**Milord Law**

*/s/ Milord A. Keshishian*
Milord A. Keshishian
Kirstin A. Jensvold-Rumage
Milord Law Group P.C.
333 S. Hope Street
Suite 4025
Los Angeles, CA 90071
310-226-7878
Email: milord@milordlaw.com
    kirstin@milordlaw.com

*Attorneys for Defendant*
*Jia Wei Lifestyle, Inc.*

**IT IS SO ORDERED.**

Dated: _____October 3, 2024_____ —

_____

Honorable Paul A. Engelmayer
United States District Court Judge

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type your full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Southern District of New York in the

case of *Trove Brands, LLC dba The Blenderbottle Company, and Runway Blue, LLC v. Jia Wei

Lifestyle, Inc.* Case No. 1:24-cv-03050-PAE.

      I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

      I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of New York for enforcing the terms of this Stipulated Protective Order, even if

such enforcement proceedings occur after termination of this action.  I hereby appoint

_____ [print or type full name of counsel] of

_____ [print or type full address and telephone number]

as my New York agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State or Nation where sworn and signed: _____

Printed name: _____

**Signature:** _____

24